IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT STACEY HILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3253 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 13, the Motion for Relief filed by the plaintiff, Robert Stacey Hillard; (2) filing nos. 31 and 43, the Motions to Dismiss filed by defendants-Harold W. Clarke and Craig Richardson; (3) filing nos. 33 and 45, the Motions to Dismiss filed by defendants-Brad Extrom, Teresa Predmore, Officer Bailey, Randy Kohl, C.W. Chase, Officer Jara, Michael Kenney and the Nebraska Department of Correctional Services; (4) filing no. 41, the plaintiff's Motion for Leave to File Amended Complaint; (5) filing no. 49, the plaintiff's Objection to Motions to Dismiss; and (6) filing no. 50, the plaintiff's Response to Motions to Dismiss. As a preliminary matter, filing no. 41, the plaintiff's Motion for Leave to File Amended Complaint, is granted, and filing no. 42, the Amended Complaint is accepted for filing instanter.

In his Amended Complaint, the plaintiff, who filed this action while he was a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 relating to conditions of his previous confinement. The plaintiff seeks declaratory, injunctive and monetary relief.

In this case, however, injunctive relief is no longer recoverable as the plaintiff has

1

been discharged from custody. No injunctive relief may be recovered to improve conditions at a prison from which the plaintiff has been transferred or released. "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" Randolph v. Rodgers, 170 F.3d 850, 856-57 (8th Cir. 1999). When "an inmate has been transferred to another institution, his claim for injunctive relief against the warden of the first prison to improve the former prison's conditions is moot." Id. at 857, *citing* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). The same is true after release from confinement. Thus any claim for injunctive relief in this case has become moot. Similarly, now that the plaintiff has been released from the custody of DCS, his Motion for Relief (filing no. 13), in which he sought injunctive relief from certain hardships of segregated confinement, must be denied as moot.

In filing nos. 33 and 45, defendants- Extrom, Predmore, Bailey, Kohl, Chase, Jara, Kenney and DCS move to be dismissed for insufficient service of process because the plaintiff served them at the office of the Nebraska Secretary of State. When completing the forms for service of process on a state agency or state employees in their **official** capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509. DCS and all named defendants in their official capacity may be

2

served by use of one summons form directed to the place for service of process on the State, as follows:

> TO: **(Name and address of Defendant)**
>
> **Nebraska Department of Correctional Services and
> All named defendants in their official capacity
> c/o Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509**

On the other hand, state employees in their *individual* capacity may be served where they can be found, e.g., at home or at their present place of employment. Unlike official-capacity service, a plaintiff must use a separate summons form for each person to be served in his or her individual capacity.

Therefore, filing nos. 33 and 45 will be granted, but the plaintiff will have another opportunity to serve the defendants. The Clerk of Court shall send the plaintiff the appropriate forms, which the plaintiff may complete and return to the court as set forth at the end of this Memorandum and Order.

Defendants-Clarke and Richardson, having been served in their individual capacity, move for dismissal of the Amended Complaint as to them. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. See generally Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998):

A complaint should not be so dismissed unless it appears beyond doubt that

3

> the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief .... When analyzing a dismissal under Rule 12(b)(6), we accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff .... We do not apply a standard of heightened specificity, more stringent than the usual pleading requirements of the civil rules, in cases alleging municipal liability under section 1983 .... At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.

(Citations omitted.)

Thus, a claim should be liberally construed in the light most favorable to the claimant and should not be dismissed unless it appears beyond doubt that the claimant an prove no set of facts which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). The plaintiff alleges that Richardson denied the plaintiff a wheelchair; handcuffed the plaintiff and forced him to walk on icy ground, knowing the plaintiff could not do so; caused the plaintiff to fall and suffer physical injury; picked the plaintiff up and threw him into a wheelchair, using excessive force and exacerbating the plaintiff's injuries. The plaintiff also accuses Richardson of falsely charging the plaintiff with misconduct in retaliation for filing complaints against prison staff and seeking medical attention. In light of the strict standard applicable to the defendants' motions, the plaintiff's claims against Craig Richardson will not be dismissed for failure to state a claim on which relief may be granted.

Harold W. Clarke, on the other hand, had no direct involvement in the constitutional violations alleged by the plaintiff. As Director of DCS at the time, Clarke cannot be held liable to the plaintiff on principles of vicarious liability or respondeat superior for constitutional injuries allegedly inflicted by subordinate employees. See, e.g., Shrum ex

4

rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989). Accord Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997): "Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights." A defendant must have had some personal involvement in the alleged violation of the plaintiff's civil rights. A supervisor cannot be held liable for a subordinate's misconduct absent the supervisor's "sufficient personal involvement" or "tacit authorization" of the conduct at issue. Williams v. Kelso, 201 F.3d 1060, 1067 (8th Cir. 2000), *citing* Randle v. Parker, 48 F.3d 301, 303 (8th Cir. 1995).

The plaintiff suggests that Clarke should be held responsible for failing to train DCS medical and security staff adequately and for failing to reverse the plaintiff's disciplinary convictions. At most, however, the plaintiff asserts claims of negligence against Clarke. While negligent conduct may give rise to a tort claim compensable under state law in a state court, negligence does not violate the United States Constitution.

Negligence by prison officials is not actionable under 42 U.S.C. § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth

5

Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d at 1001.

Furthermore, negligence does not violate the Due Process Clause of the Fourteenth Amendment. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"). See also S.S. v. McMullen, 225 F.3d 960 (8th Cir. 2000), cert. denied, 532 U.S. 904 (2001).

> In order to succeed, a complaint for a violation of substantive due process rights must allege acts that shock the conscience, and merely negligent acts cannot, as a constitutional matter, do that: To hold otherwise "would trivialize the centuries-old principle of due process of law." .... Even if the state's activities could be said to have been grossly negligent or even reckless in the circumstances present here, we believe that [the plaintiff's] constitutional claim must fail. We have held more than once that gross negligence "is not actionable ... under § 1983."

S.S. v. McMullen, 225 F.3d at 964 (citations omitted). Accord Terrell v. Larson, 396 F.3d 975, 978 (8th Cir. 2005): "Because a wide variety of official conduct may cause injury, a court must first determine the level of culpability the § 1983 plaintiff must prove to establish that the defendant's conduct may be conscience shocking. Mere negligence is never sufficient." See also Avalos v. City of Glenwood, 382 F.3d 792, 799 (8th Cir. 2004): "Mere negligence is not conscience-shocking and cannot support a claim alleging a violation of a plaintiff's substantive due process rights."

Accordingly, filing nos. 31 and 43 will be granted as to Harold W. Clarke but denied as to Craig Richardson. Similarly, filing nos. 49 and 50, the plaintiff's Objection and

6

Response to the Motions to Dismiss, will be granted in part and denied in part, as set forth below.

THEREFORE, IT IS ORDERED:

1. That filing no. 13, the plaintiff's Motion for Relief, is denied as moot;

2. That the plaintiff's claims for injunctive relief are dismissed as moot;

3. That filing no. 41, the plaintiff's Motion for Leave to File Amended Complaint, is granted, and filing no. 42, the Amended Complaint is accepted for filing instanter;

4. That filing nos. 31 and 43, the Motions to Dismiss filed by defendants-Harold W. Clarke and Craig Richardson, and filing nos. 49 and 50, the plaintiff's Objection and Response to the Motions to Dismiss, are each granted in part and denied in part as follows:

   a. Harold W. Clarke is dismissed from this litigation;

   b. Craig Richardson is not dismissed from this litigation;

5. That filing nos. 33 and 45, the Motions to Dismiss for insufficient service of process filed by defendants- Extrom, Predmore, Bailey, Kohl, Chase, Jara, Kenney and DCS, are granted; and to that extent filing nos. 49 and 50, the plaintiff's Objection and Response to the Motions to Dismiss, are denied; and

6. That the plaintiff shall have another opportunity to serve those defendants, as follows:

   a. The Clerk of Court shall send the plaintiff nine summons forms and nine Form 285s (eight for the individual-capacity defendants and one for DCS and the official-capacity defendants);

   b. The plaintiff shall complete the forms and return them to the court by July 15, 2005;

7

c. When the plaintiff returns the completed forms, the Clerk of Court shall sign each summons and forward it with a copy of the Amended Complaint to the U.S. Marshal for service of process; the Marshal shall serve each summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal; and

d. If the forms are not returned to the Clerk of Court by July 15, 2005, the Clerk shall bring this case to the attention of the court.

DATED this 21st day of June, 2005.

BY THE COURT:


/s Richard G. Kopf
United States District Judge