IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT STACEY HILLARD,         )
                               )
              Plaintiff,       )              4:04cv3253
                               )
       vs.                     )       MEMORANDUM AND ORDER
                               )
HAROLD W. CLARKE, et al.,      )
                               )
              Defendants.      )

This matter is before the court on the following pending motions: (1) filing no. 92, the Motion to Dismiss filed by the following defendants: the Nebraska Department of Correctional Services ("DCS"),  Michael Kenney in his official capacity; Randy Kohl in his official capacity; Ron Bailey in his official capacity; Richard Elliott in his individual capacity, and Dan Danaher in his individual capacity; and (2) filing no. 94, the Motion for Summary Judgment filed by the following defendants: DCS, Craig Richardson, Brad Exstrom, Michael Kenney, Randy Kohl, Ron Bailey and Joseph Jara in their individual capacities, and Richard Elliott, Dan Danaher, and Teresa Predmore in their official capacities.  In his Amended Complaint (filing no. 42), the plaintiff, Robert Stacey Hillard, seeks declaratory, injunctive and monetary relief from the defendants in their individual and official capacities for violating the plaintiff's constitutional rights while he was a prisoner at the Nebraska State Penitentiary ("NSP").

In filing no. 42, the plaintiff alleges the following claims for relief:

¶ 42:  By sending the plaintiff to a holding cell and falsely charging him with misconduct in retaliation for filing complaints and requesting medical attention, defendants-Chase[1] and Richardson inflicted cruel and unusual punishment on the plaintiff, in violation of the Eighth Amendment to the United States Constitution and denied the plaintiff access

_____

[1]Defendant-Chase has not been properly served with process in either his individual or official capacity.

1

to the courts, in violation of the First Amendment.

¶ 43:   By denying the plaintiff a wheelchair, handcuffing him and forcing him to walk despite his back injury, and by causing the plaintiff to fall on ice and cement, and by throwing the plaintiff into a wheelchair with excessive force, defendants-Chase, Richardson and Jara violated the Eighth Amendment and committed the torts under state law of battery and negligence.

¶ 44:   By failing to order x-rays and provide adequate medical treatment, the medical providers at the NSP (defendants-Stelling, Danaher and Elliott) violated the Eighth Amendment by their deliberate indifference to the plaintiff's serious medical needs.

¶ 45:   By forcing the plaintiff to climb onto a top bunk despite a back injury and severe pain, defendant-Bailey violated the Eighth Amendment.

¶ 46:   By failing to file the plaintiff's appeals on time and by sending the plaintiff to segregation without cause, defendants-Smith and Exstrom denied the plaintiff due process, in violation of the Fourteenth Amendment,  and violated the First and Eighth Amendments.

¶ 47:   By failing to train and supervise the medical and security staff of the NSP properly, defendants-Clarke, Kenney, Kohl, Predmore and DCS denied the plaintiff due process, in violation of the Fourteenth Amendment, and violated the Eighth Amendment.

¶ 48:   By failing to prevent the plaintiff's legal mail from being opened improperly, defendants-Kenney and DCS violated the First Amendment.

¶ 49:   By placing the plaintiff on correspondence restriction in retaliation for filing complaints against staff, defendants-Richardson, Exstrom, Kenney, Clarke and DCS violated the First and Eighth Amendments.

### Service of Process

In filing no. 54, my Memorandum and Order of June 21, 2005, I noted that no defendant had been properly served with process.  I dismissed defendant-Harold Clarke from this litigation for other reasons, and I gave the plaintiff extensions of time in July and August 2005 to complete and return the forms to the Clerk of Court for service of process on DCS and the other defendants.  In filing nos. 25 , 63, and 65 - 74, the U.S. Marshal filed a return of service for each of the following defendants:

2

Filing no. 25:          Craig  Richardson  (executed  -  individual  capacity at 1001 Coachman)

Filing no. 63:          Brad Exstrom (executed - individual capacity at NSP)

Filing no. 65:          Michael Kenney (executed - individual capacity at NSP)

Filing no. 66:          Randy Kohl (executed - individual capacity at NSP)

Filing no. 67:          Ron Bailey (executed - individual capacity at NSP)

Filing no. 68:          NSP/DCS (executed c/o NE Attorney General)

Filing no. 69:          Nurse M. Stelling (executed official capacity only)

Filing no. 70:          Byron Smith (executed official capacity only)

Filing no. 71:          Teresa Predmore (executed official capacity only)

Filing no. 72:          Richard Elliott (executed official capacity only)

Filing no. 73:          Joseph Jara (executed - individual capacity at NSP)

Filing no. 74:          Dan Danaher (executed official capacity only)

The foregoing filings indicate that Craig Richardson, Michael Kenney, Randy Kohl and Ron Bailey have not been served in their official capacities.  Byron Smith, Nurse M. Stelling, Teresa Predmore, Richard Elliott and Dan Danaher have not been served in their individual capacities.

### Declaratory and Injunctive Relief

In filing no. 54, I dismissed the plaintiff's claims for injunctive relief because the plaintiff had been released from custody, and his claims for equitable relief had thus become moot.  When "an inmate has been transferred to another institution, his claim for injunctive relief against the warden of the first prison to improve the former prison's conditions is moot."  Id. at 857, citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).  The same is true after release from custody.  In filing no. 94, the defendants again move to dismiss the plaintiff's claims for injunctive relief as moot.   (The issue may have been raised again because the plaintiff has now properly served most of the defendants with process in at least one capacity.)   Thus, filing no. 94 is granted,  and, as in filing no. 54, the remedy of injunctive relief is denied as to all of the plaintiff's claims asserted in this

litigation.

Furthermore, I note that, because prospective injunctive relief is not available, a declaratory judgment cannot issue directing the defendants, as State officials, to conform their future conduct to federal law. A declaratory judgment establishing only the **past liability** of the State is forbidden by the State's sovereign immunity preserved by the Eleventh Amendment to the United States Constitution. Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 646 (2002). See also Ameritech Corp. v. McCann, 297 F.3d 582, 587 (7th Cir. 2002) (As opposed to a declaratory judgment that prospectively requires officials to conform their future conduct to federal law, a declaration of rights which could impose upon the State a monetary loss resulting from a past breach of a legal duty by defendant state officials is prohibited by the Eleventh Amendment.).

## Damages - Defendants in their Official Capacities

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985), *quoting* Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978): "Official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the state itself, as the entity that employs the official. In this case, that means each defendant, as a State employee, is considered in his or her official capacity to be the State of Nebraska, for purposes of this litigation.

"States and state officers acting in their official capacity are immune from suits for damages in federal court." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 609 (2001). State sovereign immunity as recognized and preserved by the Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Therefore, no

4

damages may be recovered from the defendants in their official capacities, as a matter of law.

Similarly, although the plaintiff has properly served DCS, as an agency of the State of Nebraska, DCS shares the State's sovereign immunity discussed above.  In addition, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law.  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  However, "a State is not a 'person' as that term is used in [42 U.S.C.] § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained."  Hilton v. South Carolina Public Railways Com'n, 502 U.S. 197, 199-201 (1991), *citing* Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska or its agencies and instrumentalities, including DCS, for damages.

### Damages - Defendants in their Individual Capacities

Harold Clarke has already been dismissed from this case.  Defendant-Chase has not been properly served with process in either his individual or official capacity and must be dismissed from this case.  Because Byron Smith, Nurse M. Stelling, Teresa Predmore, Richard Elliott and Dan Danaher have not been served in their individual capacities, and because no monetary, injunctive or declaratory relief may be obtained as to those defendants in their official capacities, defendants-Smith, Stelling, Predmore, Elliott and Danaher will be dismissed from this litigation.  Insofar as filing no. 92, the defendants' Motion to Dismiss, is consistent with this Memorandum and Order, that motion is granted.  The only remaining claims in this litigation are the plaintiff's claims for damages against defendants-Richardson, Exstrom,  Kenney, Kohl, Bailey, and Jara in their individual capacities only.

THEREFORE, IT IS ORDERED:

1.      That  filing nos. 92 and 94, the plaintiff's Motions to Dismiss and for Summary Judgment are granted in part, as set forth below, and are otherwise denied;

2.      That the plaintiff's claims for injunctive relief are dismissed as moot;

5

3.      That the plaintiff's claims for declaratory relief establishing the past liability of DCS and of the other defendants in their official capacities are dismissed;

4.      That the plaintiff's claims for damages against DCS and against the other defendants in their official capacities are dismissed;

5.      That, as defendant-Chase has not been properly served with process in either his individual or official capacity, that defendant is dismissed from this litigation;

6.      That, as Byron Smith, Nurse M. Stelling, Teresa Predmore, Richard Elliott and Dan Danaher have not been served in their individual capacities, and as no relief may be obtained against them in their official capacities, those defendants are dismissed from this litigation;

7.      That this case shall proceed on the basis of the plaintiff's claims for damages against the remaining defendants, Richardson, Exstrom, Kenney, Kohl, Bailey, and Jara, in their individual capacities only; and

8.      That pursuant to filing no. 91, the Order Setting Schedule for Progression of a Civil Case entered on April 4, 2006, the parties are required to cooperate in the preparation of a Final Order on Pretrial Conference during December of 2006; failure to do so could result in sanctions such as dismissal or default; in light of the age of this case, extensions of time are unlikely to be granted.

November 9, 2006.                    BY THE COURT:


                                     s/ *Richard G. Kopf*
                                     United States District Judge

6