IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT STACEY HILLARD, ) | |
| ) | 4:04cv3253 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | and |
| ) | AMENDED PROGRESSION ORDER |
| NEBRASKA DEPARTMENT OF ) | |
| CORRECTIONS, et al, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on (1) filing no. 101, the Response to Order to Show Cause filed by the plaintiff, Robert Stacey Hillard; (2) filing no. 103, the plaintiff's Motion to Request and Response to Memorandum and Order; and (3) filing no. 104, the plaintiff's Motion for Appointment of Counsel. The plaintiff filed this action on July 26, 2004, while in the custody of the Nebraska Department of Correctional Services ("DCS"), alleging deliberate indifference to his medical needs in violation of the Eighth Amendment to the U.S. Constitution.

**Background**

From the inception of this case (see, e.g., filing nos. 7, 12, 30 and 91), this court has repeatedly instructed the plaintiff to keep the court informed of any change in his address while the case is pending. See, e.g., Order on Initial Review (filing no. 12) at 4: "The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to inform the court of a change of address may cause this case to be dismissed for failure to prosecute this action diligently."

After he filed his Amended Complaint in February of 2005 (filing no. 42), the plaintiff did notify the court of a change of address in March of 2005 (filing no. 48) and in August of 2005 (filing no. 81). After that, however, the plaintiff disappeared, and mail from the court sent to both of the plaintiff's prior addresses reflected in the court's records were returned to the court as undeliverable with no forwarding address (filing no. 97).

1

Accordingly, the court issued an Order to Show Cause (filing no. 98) with a notation on the envelope requesting forwarding service by the post office. The plaintiff evidently received the mail, because he responded to the Order to Show Cause in filing no. 101 and filed a request for copies of documents (filing no. 100), which the court granted in filing no. 102. However, in filing no. 102, the court reiterated that the plaintiff still had to show cause as required in filing no. 98, and the court set a new deadline of January 2, 2007. The court warned that absent a timely and sufficient showing, this matter could be subject to dismissal. The plaintiff responded in filing no. 103.

### Cause & Copies of Documents

In filing no. 103, the plaintiff requests copies of filing nos. 91, 92 and 93, which he did not receive during a period of incarceration in Johnson County, Nebraska. The records of this court do not reflect that the plaintiff ever notified this court of his imprisonment in Johnson County, which is probably why the plaintiff did not receive filing nos. 91, 92 and 93. Filing no. 91 is the court's Progression Order. Filing nos. 92 and 93 concern a Motion to Dismiss filed by defendants-DCS, Michael Kenney in his official capacity; Randy Kohl in his official capacity; Ron Bailey in his official capacity; Richard Elliott in his individual capacity, and Dan Danaher in his individual capacity. In filing no. 96, my Memorandum and Order of November 9, 2006, I granted filing no. 92. The plaintiff now has received a copy of that Memorandum and Order (see filing no. 102).

At this point, I will accept the plaintiff's effort to show cause why the case should not be dismissed. The case will progress from this point forward on an expedited basis, with an amended progression order.

In filing no. 96, I stated that this case will proceed on the basis of the plaintiff's claims for damages against the remaining defendants: Richardson, Exstrom, Kenney, Kohl, Bailey, and Jara, in their individual capacities only. I will not reconsider that part of filing no. 96. However, I also stated that, pursuant to filing no. 91, the Progression Order entered on April 4, 2006, the parties must cooperate in the preparation of a Final Order on Pretrial Conference during December of 2006. I now modify the Progression Order as

follows:

### Amended Progression Order

1.  **Dispositive Motions**.  Motions to dismiss have previously been filed and resolved, and no additional motions based on pleadings will be received.  At this time, the deadline for motions for summary judgment is extended to February 1, 2007.  Any dispositive issue may be the subject of a motion for summary judgment or partial summary judgment.  However, any defendant who may wish to rely on the defense of qualified immunity at trial, **must** first file a fully supported motion for summary judgment on that issue by no later than February 1, 2007.  If anyone files a motion for summary judgment, the other side shall have thirty (30) days thereafter to file a brief and evidence in opposition to the motion.

2.  **Pretrial Conference**.  Because the plaintiff is incarcerated, the issues concerning the pretrial conference will be handled in writing rather than by an in-person conference. Kimberley R. Taylor-Riley will have the primary responsibility for drafting the Order on Final Pretrial Conference.

    a.   If no motions for summary judgment are filed by February 1, 2007, the Order on Final Pretrial Conference should be drafted and submitted to the plaintiff by February 1, 2007.  The plaintiff shall provide additions and/or proposed deletions to Ms. Taylor-Riley by February 15, 2007.  Ms. Taylor-Riley shall submit a Proposed Order on Final Pretrial Conference to the court by no later than February 28, 2007.

    b.   On the other hand, if any motion for summary judgment is filed by February 1, 2007, the Order on Final Pretrial Conference should be drafted and submitted to the plaintiff by April 1, 2007.  The plaintiff shall provide additions and/or proposed deletions to Ms. Taylor-Riley by April 15, 2007.  Ms. Taylor-Riley shall submit a Proposed Order on Final Pretrial Conference to the court by no later than April 30, 2007.

    c.   In either event, if a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the Order. Proposed Orders on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

**Motion for Appointment of Counsel**

As for filing no. 104, the court cannot routinely appoint counsel in civil cases. Counsel receive no payment, and the plaintiff has made no record of attempts to obtain counsel on his own, e.g., on a contingent fee basis. In fact, this case has been proceeding for two and one-half years, and the record reflects very little litigation effort by the plaintiff on his own behalf while he was incarcerated and even when he was not. "There is no constitutional or statutory right to appointed counsel in civil cases .... Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (emphasis in original, citations omitted). In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) The plaintiff has not demonstrated that he is incapable of shouldering the burdens of this litigation. Filing no. 104 is denied

THEREFORE, IT IS ORDERED:

1.  That filing no. 103, the plaintiff's Motion to Request and Response to Memorandum and Order, is granted in part and denied in part, as follows:

    a.  The case will not be dismissed for the plaintiff's failure to prosecute;

    b.  As stated in filing no. 96, the case will proceed on the basis of the plaintiff's claims for damages against the remaining defendants: Richardson, Exstrom, Kenney, Kohl, Bailey, and Jara, in their individual capacities only;

    c.  The Progression Order (filing no. 91) is amended to establish a new summary judgment deadline of February 1, 2007, and a new deadline for the Order on Final Pretrial Conference (February 28, 2007 - in the absence of any summary judgment motions, or April 30, 2007 - if anyone files a timely summary judgment motion), with intermediate dates for the exchange of drafts;

     d.    Any individual-capacity defendant who may wish to be heard at trial on the issue of qualified immunity shall first raise the defense in a timely and well-supported summary judgment motion before trial; and

     2.    That filing no. 104, the plaintiff's Motion for Appointment of Counsel, is denied.

January 4, 2007.         BY THE COURT:

                        s/ *Richard G. Kopf*
                        United States District Judge