IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT STACEY HILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CV3253 |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD CLARKE, MIKE | ) | **MEMORANDUM** |
| KENNEY, RANDY KOHL, LT. | ) | **AND ORDER** |
| BAILEY, TERESA PREDMORE, | ) | |
| BYRON SMITH, RICHARD | ) | |
| ELLIOTT, M. STELLING, | ) | |
| DANAHER P.A., to be sued in their | ) | |
| individual and official capacities, | ) | |
| CRAIG RICHARDSON, Ofc. JARA, | ) | |
| Ofc. CHASE-caseworker, BRAD | ) | |
| EXSTROM, to be sued in their | ) | |
| individual capacities, and | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONS, to be sued in | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This is a pro se prisoner case brought under 42 U.S.C. § 1983. Pending before me is a motion for summary judgment. Also pending before me is a motion by the plaintiff asking that I "intervene" because his copy of this case file was taken from him by the Jefferson County Sheriff when he was moved.

### *I. The Motion for Summary Judgment*

I am reluctant to deny the motion for summary judgment. The plaintiff's case is weak, and the prospect of an unnecessary trial is not appealing. Moreover, this case is already three years old.

The foregoing said, I also grow weary of lawyers who fail to abide by our local rules.  In the same vein, I also grow tired of sloppy research.  So, for the following three reasons, I will deny the motion for summary judgment without prejudice to reassertion.[1]

First, the record submitted by the defendants (filing 113) is not properly authenticated.  *See* NECivR 7.1(a)(2)(C) ("Any documents filed with the index must be identified and authenticated *by affidavit*.") (emphasis added).  *See also* Fed. R. Civ. P. 56(e).  I require counsel for plaintiffs to follow this rule.  *See*, *e.g.*, *Cordray v. 135-80 Travel Plaza, Inc.*, 356 F. Supp. 2d 1011, 1015-16 (D. Neb. 2005) (enforcing local rule dealing with authentication of documents against plaintiff's counsel and stating: "The rule cautions that 'a party who fails to observe the requirements of this rule may be deemed to have abandoned in whole or in part that party's position on the pending motion.'").  In fairness, I must hold counsel for the defendants to the same standard.  And, by the way, this is not some goofy authentication rule that I dreamed up.  *Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e). Documents which do not meet those requirements cannot be considered.").

Second, the brief submitted by the defendants fails to follow the requirements of NECivR 56.1(a)(2).  That rule requires a party who submits a summary judgment brief to state the material facts in "*short* numbered paragraphs" and to provide "pinpoint references" to the record.  *Id*. (emphasis in original).  Plaintiffs (even pro se plaintiffs[2])

---

[1]This order should not come as a surprise to Defendants.  As set forth on the court's website:  "If a lawyer fails to comply with local rules on summary judgment practice, every judge will, at a minimum, call that failure to the lawyer's attention . . . ."  *See* http://www.ned.uscourts.gov (select "Judges' Practices and Recusals," then "Summary Judgment").

[2]"Except as otherwise expressly provided, all litigants who are proceeding pro se shall be bound by and comply with all local rules and administrative procedures and with the federal rules of procedure."  NEGenR 1.3(g).

must then respond in kind. NECivR 56.1(b)(1). Instead of short numbered paragraphs, the defendants gave me a narrative. (*See* Filing 112, at CM/ECF pages 1-3.)

Third, when a lawyer for the State of Nebraska cites a case, I should be able to count on that citation being accurate, pertinent, and current. Here, defense counsel argued that I should grant summary judgment because the plaintiff failed to first exhaust his remedies as required by the Prison Litigation Reform Act (PRLA) in that the plaintiff failed to file an action with the State Claims Board. Counsel cited *Pratt v. Clarke*, 604 N.W.2d 822, 826 (Neb. 1999) and *Cole v. Isherwood*, 653 N.W.2d 821 (Neb. 2002), generally alluding to this exhaustion principle. (Filing 112 at CM/ECF pages 5-6). However, and inexplicably, counsel failed to bring to my attention the more recent case of *Cole v. Isherwood*, 716 N.W.2d 36, 43 (2006) (*Cole II*). There, the Nebraska Supreme Court *reversed* the grant of summary judgment for failure to exhaust under the PRLA, and held that the inmate's failure to exhaust his state tort claims remedies before filing his § 1983 action warranted dismissal of the § 1983 claims without prejudice rather than summary judgment. *Id.*

In summary, and while I have a high regard for the lawyers at the Attorney General's office, I urge those lawyers who handle pro se cases to pay closer attention. I trust that I will not need to repeat myself.

## *II. The Plaintiff's Motion for "Intervention"*

The plaintiff claims that his legal materials were taken from him by the Jefferson County Sheriff when he was transported to the Lincoln Regional Center. He asks the court to provide him with a copy of the court file or to order the Sheriff to provide him with a copy of the court file. The defendants have not responded to this motion. The court is not obligated to provide him with a copy, but I will order the State of Nebraska to look into the matter and take appropriate action.

IT IS ORDERED:

1. The defendants' motion for summary judgment (filing 111) is denied without prejudice.

2. No later than October 1, 2007, the defendants may file another summary judgment motion (including an alternative motion to dismiss, if appropriate), brief, and evidence. The plaintiff may respond no later than thirty days thereafter. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: October 1, 2007, is the deadline for filing second summary judgment motion.

3. The plaintiff's motion to intervene (filing 118) is denied in part and granted in part. The court will not provide the plaintiff with a copy of this court file, but counsel for the defendants shall provide the plaintiff with a copy of any motion, brief, or evidence submitted in response to this memorandum and order. In addition, the State of Nebraska shall investigate and determine whether the plaintiff's copy of this file was taken from him by the Jefferson County Sheriff during the transportation mentioned in Filing 118. If it was, the State of Nebraska shall return or replace that copy on or before October 1, 2007, or show cause why that is not possible or appropriate.

August 28, 2007.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge