IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT STACEY HILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CV3253 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiff Robert Hillard's Motion for Leave to Appeal In Forma Pauperis ("IFP") (filing no. 135) and the Plaintiff's Motion for Appointment of Counsel (filing no. 138.) On March 26, 2008, Plaintiff filed a Notice of Appeal (filing no. 134) appealing this court's Memorandum and Order (filing no. 132) and Judgment (filing no. 133) granting Defendants' Motion for Summary Judgment. Also filed with the court is a copy of Plaintiff's prison trust account statement. (Filing No. 137.)

**MOTION TO PROCEED IFP ON APPEAL**

Under the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $455.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). The appellate filing fee is assessed when a district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997). Because this appeal is taken in good faith and Plaintiff qualifies financially, Plaintiff may proceed IFP on appeal.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the notice of appeal. Accordingly, the court finds that the initial partial filing fee is $0.33, based on average monthly deposits of $1.66.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court. 28 U.S.C. § 1915(b). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of court shall send a copy of this Memorandum and Order to the appropriate financial official at Plaintiff's institution.

**MOTION FOR APPOINTMENT OF COUNSEL**

Also before the court is Plaintiff's Motion for Appointment of Counsel on Appeal. (Filing No. 138.) The Eighth Circuit Court of Appeals appoints counsel for appeals. Therefore, Plaintiff may immediately file a motion with the Eighth Circuit Court of Appeals for appointment of counsel on appeal.

In this court, Plaintiff's Motion for Appointment of Counsel on Appeal is denied, without prejudice to reassertion of the motion directly to the Eighth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP on Appeal (filing no. 135) is granted.

2. Plaintiff shall pay an initial partial appellate filing fee of $0.33.

3. After payment of the initial partial appellate filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court.

4. Plaintiff's Motion for Appointment of Counsel on Appeal (filing no. 138) is denied, without prejudice to reassertion directly to the Eighth Circuit Court of Appeals.

5. The Clerk of court shall send a copy of this order to the parties, to the appropriate officer for the plaintiff's institution and to the Eighth Circuit Court of Appeals, and the Clerk shall process this appeal to the Eighth Circuit.

April 2, 2008.  BY THE COURT:

*s/Richard G. Kopf*
United States District Judge